UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>DAMION HELMES. | Criminal Action No. 19-928-01 (MAS)<br><br>**MEMORANDUM ORDER** |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Damion Helmes's ("Helmes") Motion to Correct Judgment of Conviction pursuant to Federal Rule of Criminal Procedure[1] 36. (ECF No. 635.) The United States of America filed correspondence indicating that it did not object to Helmes's Motion. (ECF No. 638.)

On September 29, 2023, the Court entered a Judgment of Conviction ("Judgment") as to Helmes. (*See generally* Judgment, ECF No. 626.) There are two inconsistencies between Helmes's Judgment and his Verdict Sheet. *First*, the Judgment states that Helmes was convicted, in Count One of the Third Superseding Indictment, for "Conspiracy to Distribute and Possess with Intent to Distribute 280 Grams or More of Cocaine Base." (*Id.* at 1.) The Verdict Sheet, however, reveals that Helmes was convicted, as to Count One, of a conspiracy to distribute and possess with intent to distribute *28* grams or more of cocaine base. (Verdict Sheet 1, ECF No. 546.) *Second*, the Judgment states that Helmes was convicted, in Count Two of the Third Superseding Indictment, for "Conspiracy to Distribute and Possess with Intent to Distribute 500 grams or more of Cocaine." (Judgment 1.) But, the Verdict Sheet states that Helmes was convicted of a conspiracy to distribute a quantity of cocaine. (Verdict Sheet 1.)

---

[1] All references to "Rule" or "Rules" hereafter refer to the Federal Rules of Criminal Procedure.

Rule 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Rule 36 allows courts to correct clerical, not substantive, errors. *See United States v. Bennett*, 423 F.3d 271, 277 (3d Cir. 2005). "A clerical error involves a failure to accurately record a statement or action by the court or one of the parties." *Id.* (internal quotation marks and citations omitted). The error "must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature." *United States v. Guevremont*, 829 F.2d 423, 426 (3d Cir. 1987) (internal quotation marks and citation omitted). "Rule 36 is normally used to correct a written judgment of sentence to conform to the oral sentence pronounced by the judge." *Bennett*, 423 F.3d at 278. The errors identified herein were inadvertently made and warrant correction under Rule 36.

IT IS, THEREFORE, on this 12th day of August 2025, **ORDERED** that:

1. Helmes's Motion to Correct Judgment of Conviction (ECF No. 635) is **GRANTED**.

2. The Clerk's Office is directed to enter an amended judgment of conviction.

3. The amended judgment shall state that Helmes was convicted as to:
   a. Count One for a "Conspiracy to Distribute 28 Grams or More of Cocaine Base"; and
   b. Count Two for a "Conspiracy to Distribute a Quantity of Cocaine."

4. All other provisions of Helmes's Judgment shall remain the same.

MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE